

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN

**WILLXXWILSONXXXXXX**
**ATTORNEY GENERAL**

Hon. Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-5312
Re: Sufficiency of forms for notice of
franchise tax liens under the provi-
sions of House Bill No. 841, Acts 48th
Legislature, 1943, and related matters.

We are in receipt of your letter of July 1, 1943, together with the four forms transmitted therewith. Two of these forms are denominated "Notice of Franchise Tax Lien"; one is designed for use where the amount of the tax is known, and the other is designed for use where the amount of the tax is not known. The other two forms are denominated, respectively, "Release of Franchise Tax Lien," and "Partial Release of Franchise Tax Lien."

The above named forms were prepared pursuant to the provisions of House Bill No. 641, Acts 48th Legislature, 1943, which requires the Secre of State to file notice of lien to secure the payment of franchise taxes due under the provisions of Chapter 3 of Title 122, R. C. S., 1925, and authorizes him to execute complete or partial release of such liens upon payment thereof. Said H. B. No. 641 requires that such forms be approved by the Attorney General.

You request the advice of this department in response to the following questions:

"1. Are the four forms sufficient for the purposes intended?

"2. Should the forms be acknowledged or sworn to, or is the signature of the Secretary of State under the Seal of State a sufficient authentication to entitle the instruments to recordation?

"3. Will the State be liable for the payment of a fee for filing and recording these instruments, and, if so, in what amount will the County Clerk be entitled to charge therefor?

"4. If you hold that the County Clerk is entitled to collect a filing and recording fee, then is this Department authorized to pay such fees out of its appropriation for 'contingent expenses' being item 38, page

1011, Volume 5, Vernon's Texas Session Law Service, 1943?

"5.   Since the notice of lien is to be filed, recorded and indexed both as a chattel mortgage and as a mortgage on real estate, should the County Clerk retain the original instrument in his office as is done in the case of a chattel mortgage, or should it be returned to this office as in the case of a mortgage on real estate?"

The pertinent parts of H. B. No. 641 read as follows:

"Article 7089c - Secretary of State Authorized to Record.

"The Secretary of State shall file and record with the Clerk of any County in which he has reason to believe any corporation owing franchise taxes, penalties and interest, has real or personal property a notice of the taxes, penalties and interest accruing under this Chapter and the liens securing the same on a form prepared or approved by the Attorney General of the State of Texas showing the name of the corporation owing such taxes, penalties and interest, the franchise taxes then due and owing and calling attention to the possible additional taxes, penalties and interest which might accrue in the future under the terms of this Chapter.

"Article 7089d - Recording and Effect thereof. The County Clerk of each county is hereby authorized to and shall file, record and index the notice provided for by the preceding paragraph, both as a Chattel Mortgage and as a mortgage on real estate in accordance with the statutes in such cases made and provided and when so filed, recorded and indexed, the same shall be and constitute notice to all parties dealing with the real and personal property of such corporation in said county of the taxes, penalties and interest then accrued and to accrue in the future and of the liens herein granted the State of Texas."

For convenience we are attaching to this opinion copies of the four forms, which we have marked, respectively, "Exhibits 'A', 'B', 'C', and 'D'." We have amended Exhibit "A", but the other three forms remain as submitted to us.

We think that each of said four forms attached hereto is in compliance with the provisions of said H. B. 641, and that each is sufficient to accomplish the purpose for which it was designed. Consequently, we answer your first question in the affirmative, and approve said forms as being in compliance with such statute.

We are of the opinion that it is not necessary that such forms be acknowledged or sworn to, but that under the provisions of H. B. 641, quoted above, the signature of the Secretary of State, under the seal of the State of Texas, is a sufficient authentication to entitle the instruments to be recorded, and to require the clerk to accept and record same.

No provision is made in this statute for the payment of any fees

for filing and recording any of the instruments required to be filed and recorded by the Secretary of State. In the absence of such a provision we think that the State is not liable for the payment of such fees, and that this is but another ex officio duty imposed upon the county clerk. Since such duty is to be performed on behalf of the State and without the benefit of any provision of law for the payment of any fees for such service, the county clerk would not be entitled to make any charge for such services.

The law requires that the notice of lien shall be filed, recorded and indexed both as a chattel mortgage and as a mortgage on real estate. Since this is true, in order to comply with the chattel mortgage statutes, it will be necessary for the county clerk to retain a copy of such lien in his files. You should therefore send such notice of lien, in duplicate, to the county clerk where it is to be recorded, in order that such county clerk may retain one copy, and that he may record and show on the other such copy the date and place of recording same, and at the same time, by his certificate indicate that same has been recorded in the chattel mortgage records of the county, and that a true copy thereof is on file in his office.

It should be noted that this opinion simply passes upon the sufficiency of the forms hereto attached and is responsive only to the questions asked.

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By S/Fowler Roberts
    Fowler Roberts
    Assistant

FR: AMM/wc

APPROVED JULY 31, 1943
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By BWB Chairman